UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GARY NEIDIGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00350-JMS-MJD |
| | ) | |
| CORIZON INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Defendants' Motion for Summary Judgment**

Plaintiff Gary Neidige, who at all relevant times was incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"), brought this civil rights action pro se pursuant to 42 U.S.C. § 1983 against Corizon, Inc. and individual medical providers at Wabash Valley. Mr. Neidige alleges that the defendants violated his Eighth Amendment rights by being deliberately indifferent to his medical needs caused by colon cancer.

The Court recruited counsel to represent Mr. Neidige in this action. Presently pending before the Court is the defendants' motion for summary judgment. They contend that Mr. Neidige failed to exhaust his administrative remedies before bringing this action as required by the Prison Litigation Reform Act ("PLRA"). Mr. Neidige has responded, and the defendants have replied. For the reasons explained in this Entry, the defendants' motion for summary judgment, dkt. [56], is **granted**, and Mr. Neidige's claims are **dismissed without prejudice**.

**I.
Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II.
## Background

The defendants move for summary judgment on the ground that the claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e. That provision requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. The parties both present evidence supporting their respective positions. The following evidence is either undisputed or identified as dispute.

### A. The Administrative Remedy Process

The Indiana Department of Correction ("IDOC") has an Offender Grievance Process (or "grievance policy") through which inmates can grieve issues related to their conditions of confinement, such as the claims at issue here. The Offender Grievance Process in effect at all times relevant to this action consisted of three steps: (1) informal grievance; (2) formal grievance; and (3) grievance appeal. Each step, as explained further below, must be timely completed in order to fully exhaust one's administrative remedies.

The informal grievance step process requires the inmate to obtain an informal grievance form from specified staff within five days of the incident in question. The inmate then must attempt to informally resolve the issue with the appropriate staff member within five days of obtaining the informal grievance form.

If the grievance is not resolved informally within ten days of the incident, the inmate must submit a formal grievance to the Grievance Specialist. The formal grievance is either rejected, in

which case the inmate receives a "Return of Grievance" form, or it is accepted and the inmate receives a receipt. If the inmate receives neither within seven days, he must notify the Grievance Specialist.

If an inmate's formal grievance is accepted, but not resolved in a manner that satisfies the inmate, or if the inmate does not receive a response within twenty days, he must proceed to the third and final stage of the grievance process, the grievance appeal. The grievance appeal must be submitted to the Grievance Specialist, who then submits it to IDOC's Central Office for review.

### B. The Parties' Evidence Regarding Mr. Neidige's Grievances

Mr. Neidige filed the Complaint in this action on September 9, 2016. The defendants present evidence that from the beginning of Mr. Neidige's incarceration at Wabash Valley through the date he filed the Complaint, Mr. Neidige only filed one grievance regarding a medical issue. Specifically, Mr. Neidige filed a grievance on August 4, 2009, regarding issues with his back and his medications. Those issues are entirely unrelated to the allegations in this action regarding Mr. Neidige's colon cancer treatment.

Mr. Neidige responds to the defendants' evidence by submitting an informal grievance he filed regarding his colon cancer treatment. He dated this grievance October 30, 2016, the grievance was received on November 1, 2016, and Nurse Robinson responded to his grievance on November 2, 2016. Neither of the boxes indicating whether the grievance was resolved or unresolved are checked, and the sections of the form requesting signatures to indicate whether the grievance was resolved or unresolved are blank. *See* Filing No. 62-1 at 2. The defendants present evidence that it is the inmate's responsibility to fill out the blank sections of the form, depending on whether he agrees or disagrees with the staff member's response.

# III.
# Discussion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The exhaustion requirement "is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). Moreover, the "exhaustion requirement is strict. A prisoner must comply with the specific procedures and deadlines established by the prison's policy." *King*, 781 F.3d at 893. However, "the [PLRA] requires exhaustion only of remedies that are 'available.'" *Id.*

The material evidence submitted by the parties is undisputed. Mr. Neidige has only filed one informal grievance regarding the medical care at issue in this action. He argues that the response to that grievance was incomplete such that the process broke down and he should be deemed to have exhausted his administrative remedies. The Court need not decide whether this is true, however, because the grievance at issue was not filed until *after* this litigation was initiated, which is too late

Mr. Neidige's original complaint was filed with this Court on September 9, 2016. At this point, he had not filed any grievances regarding the issues presented in this action. The PLRA is clear "that exhaustion must precede litigation." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *see* 42 U.S.C. § 1997e (a) ("No action shall be brought with respect to prison conditions. . . until such administrative remedies as are available are exhausted."). In other words, exhaustion

"is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2006). This prerequisite was not met here, as the undisputed evidence shows that Mr. Neidige did not file any grievances regarding the medical care at issue until well after he brought this action on September 9, 2016.

Even assuming that the parties' suggestion that the date the action is "brought" under the PLRA is the date Mr. Neidige filed his amended complaint rather than his original complaint—which, in the Court's view, is not the case—Mr. Neidige still had not exhausted his administrative remedies. Mr. Neidige "brought" this action when he "mail[ed] the complaint to the Court." *Ford*, 362 F.3d at 399; *id.* at 400 ("We . . . hold[] that an action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk."). Pursuant to the Court's Prisoner E-Filing Program,[1] Mr. Neidige's amended complaint was sent to the Court on November 1, 2016, when it was scanned at Wabash Valley and e-mailed to the clerk. *See* Filing No. 12 at 1. Although Mr. Neidige filed an informal grievance on October 30, 2016, he did not receive a response to it until November 2, 2016. Thus, even if the Court accepted his argument that the response was so deficient that it rendered the administrative remedy process complete or unavailable, this did not occur until *after* he filed his amended complaint. *Cf. Worthem v. Boyle*, 404 Fed. Appx. 45, 46 (7th Cir. 2010) ("Administrative remedies have not been exhausted unless the inmate has given the process a chance to work and followed through with administrative appeals."). Accordingly, regardless of which of the two dates this action is considered "brought" under the PLRA, it before exhaustion was complete.

Mr. Neidige resists this conclusion by arguing that the exhaustion process was futile. It was futile, says Mr. Neidige, because he had been struggling to obtain adequate medical care for

---

[1] The Court's Prisoner E-Filing Program was established by General Order on June 26, 2014. Pursuant to this program, correctional staff at participating Indiana Department of Correction facilities scan inmate documents transmit them to the Court via e-mail.

his colon cancer since September 2013. But as noted above, Mr. Neidige brought this action without ever having filed even an informal grievance regarding this allegedly deficient treatment. Although the Seventh Circuit has suggested there may be a futility exception to exhaustion, *see Wagoner v. Lemmon*, 778 F.3d 586, 591 (7th Cir. 2015), any such exception would not apply when, as here, it is undisputed that the plaintiff did not timely attempt to exhaust his administrative remedies, especially when his belated attempt to exhaust demonstrates that he could have tried to use the process before filing suit, *Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) (rejecting a futility exception to exhaustion because the plaintiff did not allow the administrative remedy process to run its course, noting that "[n]o one can *know* [*ex ante*] whether administrative requests will be futile; the only way to find out is to try."). Accordingly, the undisputed evidence shows that any futility exception to the exhaustion requirement would not apply.

For the foregoing reasons, Mr. Neidige did not exhaust his available administrative remedies before bringing this action, as is required under the PLRA. He requests that, should the Court reach this conclusion, this action be stayed, or at least dismissed without prejudice, so that he may pursue these claims once exhaustion is complete. The Court must dismiss this action without prejudice rather than stay it. *See Ford*, 362 F.3d at 401 (noting that the exhaustion requirements "are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) ("Failure to [exhaust under the PLRA] bars, and does not just postpone, suit under § 1983."); *see also Fluker v. Cnty. of Kankakee*, 741 F.3d 787, 791 (7th Cir. 2013) ("[D]ismissals under § 1997e(a) for failure to exhaust must be without prejudice."). Dismissal without prejudice will permit Mr. Neidige to exhaust whatever remedies remain available and, once they are exhausted, file a new action raises his properly exhausted claims.

# IV.
# Conclusion

For the reasons set forth above, the defendants' motion for summary judgment, dkt. [56], is **granted**. Mr. Neidige's claims against the defendants are **dismissed without prejudice**. Final Judgment consistent with this Entry shall issue.

**IT IS SO ORDERED.**

Date: 4/25/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Andrew Dutkanych, III
BIESECKER DUTKANYCH & MACER LLC
ad@bdlegal.com

Mladenka Rodriguez
BIESECKER DUTKANYCH & MACER LLC-Indianapolis
mrodriguez@bdlegal.com

Kyle Frederick Biesecker
BIESECKER DUTKANYCH & MACER, LLC
kfb@bdlegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Britney Jade McMahan
BLEEKE DILLON CRANDALL, PC
britney@bleekedilloncrandall.com

David C. Dickmeyer
OFFICE OF THE ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

GARY NEIDIGE
117508
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only